UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 5:16-cr-00518 |
| | : | |
| STEVEN RONALD RANDALL | : | |

**O P I N I O N**

Motion for Sentence Reduction, ECF No. 43 – Denied

**Joseph F. Leeson, Jr.**                                                                                                  August 18, 2022
**United States District Judge**

## I.     INTRODUCTION

This matter involves Defendant Steven Ronald Randall, who was sentenced to 126 months of imprisonment for multiple Counts of bank fraud and aggravated identity theft. Randall now moves this Court for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), otherwise known as "compassionate release." The Government opposes the motion.

Following a review of the motion and response, this Court finds that Randall has failed to establish any extraordinary circumstance that would warrant a reduction of his sentence. Moreover, even assuming he had established some extraordinary circumstance, the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against granting a reduction in Randall's sentence. Therefore, his motion is denied.

## II.    BACKGROUND

On June 29, 2017, Randall pleaded guilty to a twelve-Count Indictment, charging him with two Counts of bank fraud and aiding and abetting,[1] and ten counts of aggravated identity

---

[1]     18 U.S.C. §§ 2, 1344.

theft and aiding and abetting.[2]  *See* ECF No. 23.  On November 29, 2017, Randall was sentenced to a total term of 126 months' imprisonment for these offenses.  *See* ECF No. 35.

On July 26, 2022, Randall filed the present motion for a sentence reduction.  *See* Mot., ECF No. 43.  The Government responded in opposition to the motion on August 2, 2022.  *See* Resp., ECF No. 45.  Accordingly, the matter is now ready for review.

### III.   LEGAL STANDARDS

#### A.   Jurisdiction over Compassionate Release Motions – Review of Applicable Law

The First Step Act empowers criminal defendants to request compassionate release with the court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *See* 18 U.S.C. § 3582(c)(1)(A).[3]  "Courts have interpreted the [Act] to mean that . . . a defendant must wait to file a motion with this Court until either [1] his administrative request related to compassionate release is denied and he fully exhausts all administrative rights to appeal or [2] thirty days have passed from the date he made the application *with no response from the warden*, whichever occurs first."  *United States v. Early*, No. 19-92, 2020 U.S. Dist. LEXIS 89406, at *6-7 (W.D. Pa. May 21, 2020) (emphasis in original) (citing *United States v. Nance*, No. 7:92CR00135, 2020 U.S. Dist. LEXIS 4429 (W.D. Va. Jan. 10, 2020)).

---

[2]   18 U.S.C. §§ 2, 1028A(a)(1), (c)(5).
[3]   Section 3582(c) is actually part of the Sentencing Reform Act of 1984 ("SRA"), but was amended by the First Step Act to provide prisoners a more direct route to court for their claims. *See United States v. Torres*, No. 18-414, 2020 WL 3498156, at *6 (E.D. Pa. June 29, 2020).

This exhaustion requirement is not excused by the risks COVID-19 poses in the federal prison system. *See Raia*, 954 F.3d at 595-97. Rather, "[g]iven BOP's shared desire for a safe and healthy prison environment," the Third Circuit Court of Appeal has "conclude[d] that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." *Id.* at 597. *See also United States v. Saxon*, No. 3:17-CR-128, 2020 U.S. Dist. LEXIS 140242, at *21-22 (M.D. Pa. Aug. 6, 2020) (holding "that exhaustion of administrative remedies is mandatory under 18 U.S.C. § 3582(c)(1)").

B.  **Merits of Compassionate Release Motion – Review of Applicable Law**

Once a defendant satisfies the exhaustion requirement, the court may reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). *See also* 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."). Section 1B1.13 of the United States Sentencing Guidelines provides that the court may reduce a term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A), "if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that . . . extraordinary and compelling reasons warrant the reduction; . . . the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and [] the reduction is consistent with this policy statement." 18 U.S.C. Appx. § 1B1.13.

The court must still consider the 18 U.S.C. § 3553(a) sentencing factors and whether the defendant is a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g). The § 3553(a) sentencing factors include, but are not limited to:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> . . .
> [4] the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.
> . . .

18 U.S.C. § 3553(a).

**IV.    ANALYSIS**

As a threshold matter, Randall must first show that he exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). Here, Randall indicates that he petitioned the Warden at his institution for a sentence reduction on February 11, 2022. *See* Mot. 3. In addition, Randall attaches a response from the Warden, denying his request on March 8, 2022. Accordingly, as Randall has received a response to his request for a sentence reduction from the Warden, this Court has jurisdiction to review the instant motion. Notwithstanding, as the Court explains below, Randall fails to establish any extraordinary circumstance that would warrant a sentence reduction. Moreover, even if Randall had established such a circumstance, the factors set forth in § 3553(a) weigh against granting a sentence reduction in this case.

A.     **Extraordinary and Compelling Circumstances**

Randall primarily makes two arguments for release under the First Step Act. First, Randall argues that sentencing changes to 18 U.S.C § 924(c) represent an extraordinary circumstance that warrants a reduction in his sentence. Second, Randall draws on his conduct while incarcerated to suggest that his behavior satisfies the extraordinary circumstance requirement. Notwithstanding, neither ground represents an extraordinary circumstance warranting compassionate release.

First, Randall points to amendments made by the First Step Act to § 924(c), arguing those amendments amount to an extraordinary circumstance. In particular, Randall believes that the amendments to § 924(c) that reduced the effect of "stacking" mandatory minimum sentences similarly require a sentence reduction in his case. Notwithstanding, these amendments do not qualify as an extraordinary circumstance for two reasons. Foremost, Randall was not charged with or convicted of a violation of § 924(c). Thus, the First Step Act's amendment of the stacking procedures had no bearing whatsoever on his sentence. Moreover, even if he had been convicted of a violation of § 924(c), the Third Circuit has held that the First Step Act's "nonretroactive changes to the § 924(c) mandatory minimums . . . cannot be a basis for compassionate release." *See United States v. Andrews*, 12 F.4th 255, 261 (3d Cir. 2021) (declining to "construe Congress's nonretroactivity directive as simultaneously creating an extraordinary and compelling reason for early release"). Accordingly, the First Step Act's amendment of § 924(c) does not serve as a sufficient extraordinary circumstance for compassionate release.

Second, Randall asserts that his good behavior while imprisoned constitutes an extraordinary circumstance warranting compassionate release. However, one's good behavior

during incarceration "is consistent with the rehabilitative goals of sentencing, 18 U.S.C. § 3553(a)(2)(D), and thus is neither extraordinary nor compelling."[4] *See United States v. Helm*, Crim. A. No. 19-00077-CFC, 2022 WL 613689, at *5 (D. Del. Mar. 2, 2022). Accordingly, Randall's behavior during his term of incarceration does not constitute an extraordinary circumstance sufficient to state a case for compassionate release.

Randall, having failed to put forward an extraordinary and compelling circumstance, falls short of establishing a viable claim for compassionate release. Accordingly, his motion is denied.

### B. Factors Set Forth in 18 U.S.C. § 3553(a)

Even assuming Randall had set forth some extraordinary and compelling circumstance, the factors set forth in § 3553(a) weigh against granting compassionate release in this case. Both the nature and circumstances of the offenses and the history and characteristics of Randall weigh against a sentence reduction.

Beginning with the nature and circumstances of the offense, Randall recruited dozens of co-schemers to participate in a scheme aimed at defrauding banks out of money. *See* ECF No. 24 ("Plea Memo"). After acquiring interested recruits through social media posts, Randall would instruct the co-schemers to create bank accounts—or allow their existing bank accounts—to be used as part of the fraud. *See id.* Randall and his co-schemers would then deposit fraudulent checks into the accounts and withdraw the money before the bank realized that the funds were

---

[4] In fact, 18 U.S.C. § 3624(b) provides a separate mechanism by which the Bureau of Prisons may provide a prisoner with "credit towards the service of the prisoner's sentence" for those prisoners who "display[] exemplary compliance with institutional disciplinary regulations." *See* 18 U.S.C. § 3624(b)(1). Accordingly, since Randall's good behavior is already accounted for by § 3624(b)(1) in the form of time credit, it would seem inappropriate to also treat Randall's good behavior during incarceration, alone, as an extraordinary circumstance warranting compassionate release.

illegitimate.  *See id.*  As a result of the scheme, Randall successfully obtained approximately $52,366.  *See* ECF No. 41, at 19:15-17.  At the time of sentencing, this Court concluded that Randall's sentence of 126 months' imprisonment was warranted in light of, among other considerations, the nature and circumstances of the offenses he committed.  *See id.* at 86:4–8.  Randall has served approximately half of that sentence.  Reviewing the nature of Randall's offenses, including the sprawling organization of co-schemer's that he recruited into the scheme, this Court concludes that a sentence reduction would be antithetical to the sentencing goals set forth in § 3553(a).

Moreover the history and characteristics of Randall himself indicate that a sentence reduction would be unwarranted under the § 3553(a) factors.  While Randall was out on bail pending sentencing for the above-mentioned offenses, Pretrial Services discovered a black plastic bag in Randall's home containing various checks and a Wells Fargo Consumer Account Application in Randall's name.  *See* Resp. 3.  Through further investigation, the United States Postal Inspection Service determined that the names on the checks found in the plastic bag were linked to an entirely separate bank fraud scheme, involving different financial institutions and nearly $70,000 in actual losses.[5]  *See id.*  In fashioning Randall's 126-month sentence, this Court considered his engagement in related yet distinct bank fraud offenses during his time on pretrial release.[6]  *See* ECF No. 41, at 87:24–88:2.  Reviewing these considerations, the Court concludes that a sentence reduction would run contrary to the goals set forth in § 3553(a).  Rather,

---

[5] This conduct resulted in a separate prosecution: 5:18-cr-00051.  For that separate prosecution, Randall was sentenced to 111 months' imprisonment, to run concurrent to his sentence on the instant case.

[6] In light of Randall's engagement in a parallel scheme during his pretrial release for the instant offenses, this Court also concluded that the sentence of 126 months' imprisonment was necessary "to afford adequate deterrence to criminal conduct."  *See* 18 U.S.C. § 3553(a)(2)(C).

Randall's sentence of 126 months was appropriate in light of, among other considerations, his engagement in related criminal activity during his pretrial release period.

Accordingly, even assuming Randall had shown an extraordinary and compelling circumstance, the sentencing factors in § 3553(a) otherwise weigh against any reduction of his sentence. For this reason as well, Randall's motion is denied.

## V.     CONCLUSION

Randall moves this Court for compassionate release from his 126-month sentence for bank fraud and aggravated identity theft convictions. Following a review of the motion, this Court concludes that Randall has failed to come forward with an extraordinary and compelling circumstance warranting compassionate release. Moreover, even assuming he has presented such a reason, the sentencing factors in § 3553(a) weight against granting any sentence reduction. Accordingly, Randall's motion is denied.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge